O'CONNOR v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Negligence**: PLEADING: PRACTICE: CONTRIBUTORY NEGLIGENCE. In an action for negligence it is not necessary to state in the petition that the plaintiff or the deceased was, at the time of the injury, in the exercise of due care, or without fault. It is for the party who relies upon negligence, either as a cause of action or a defence, to allege and prove it.

2. **Railroads**: NEGLIGENCE: HIGHWAY. It is negligence for a railroad company to make a flying switch on a public highway which is in constant use, without the car being attended by, and under the control of, a brakeman.

3. ———: ———: DUTY OF TRAVELER CROSSING TRACK. While it is the duty of a traveler, on a public highway, about to cross a railroad track, to keep a sharp watch for cars, he is not bound to be prepared for an act of negligence on the part of the railroad company.

4. —— : —— : PRACTICE, When the fault of the person injured, if any there was, is not disclosed by the plaintiff's evidence, and the railroad company is shown to have been in default, it then devolves on the latter to show the want of proper care by the person injured, and that, by the exercise of proper precautions, he would have escaped injury.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*Thos. J. Portis* and *Adams & Bowles* for appellant.

(1) Defendant's objection to the introduction of any evidence, because the petition fails to state a cause of action, should have been sustained. There is no averment in the petition that the plaintiff was exercising due care, nor any facts stated from which such inference can be made. (2) Defendant's instruction in the nature of a demurrer to the evidence should have been given. Deceased's own carelessness in failing to look and listen for an approaching train shows such contributory negligence as precludes a recovery. *Taylor v. Railroad,* 86 Mo. 457 ; *Mayher v. Railroad,* 64 Mo. 267 ; *Harlan v. Railroad,* 64 Mo. 480 ; s. c. 65 Mo. 22 ; *Evans v. Railroad,* 62 Mo. 57 ; *Kelley v. Railroad,* 75 Mo. 138 ; *Bell v. Railroad,* 86 Mo. 599 ; *Fox v. Railroad,* 85 Mo. 679 ; *Stepp v. Railroad,* 85 Mo. 229 ; *Purl v. Railroad,* 72 Mo. 168 ; *Fletcher v. Railroad,* 64 Mo. 484 ; *Powell v. Railroad,* 76 Mo. 80 ; *Lenix v. Railroad,* 76 Mo. 86 ; *Stillson v. Railroad,* 67 Mo. 676 ; *Zimmerman v. Railroad,* 71 Mo. 476 ; *Henze v. Railroad,* 71 Mo. 636 ; *Hixson v. Railroad,* 80 Mo. 335 ; *Turner v. Railroad,* 74 Mo. 603 ; *Moody v. Railroad,* 68 Mo. 470 ; *Milburn v. Railroad,* 86 Mo. 104 ; *Finlayson v. Railroad,* 1 Dillon ( U. S. C. C. ) 579 ; *Gorton v. Railroad,* 45 N. Y. 660 ; *Haas v. Railroad,* 47 Mich. 401 ; *Railroad v. Clark,* 73 Ind. 168 ;

*Hinckly v. Railroad,* 120 Mass. 257 ; *Payne v. Railroad,* 39 Iowa, 326 ; *Railroad v. Elliott,* 28 Ohio St. 340 ; *Artz v. Railroad,* 34 Iowa, 153 ; *Railroad v. Hart,* 87 Ill. 529 ; *Railroad v. Huston,* 95 U. S. 697 ; *O'Donnell v. Railroad,* 6 R. I. 211 ; *Railroad v. McDemerell,* 87 Ill. 450 ; *Tully v. Railroad,* 134 Mass. 499 ; *Railroad v. Beale,* 73 Pa. St. 504. (3) The court erred in giving the plaintiff's first instruction. In it the jury are told to find for her if the defendant kicked the car "for the purpose of sending it over the crossing as described in plaintiff's petition." This was error. It was also erroneous in not telling the jury what was the exercise of ordinary care. *McGinnis v. Railroad,* 21 Mo. App. 413. (4) The error in plaintiff's instruction was not cured by the giving of the instructions by the court. *Welch v. Railroad,* 20 Mo. App. 477 ; *Goetz v. Railroad,* 50 Mo. 474 ; *State to use v. Nauert,* 2 Mo. App. 295. (5) The instruction given by the court of its own motion was erroneous in referring the jury to the negligence charged in the petition. It is the well-settled rule of practice that an instruction ought not thus to refer the jury to the pleadings, and the instruction was further erroneous in telling the jury to find for plaintiff if defendant ran the car across the street "in such a manner as to endanger travelers passing along or across the street." There is no such averment in the petition. *McGinnis v. Railroad,* 21 Mo. App. 413.

*Sherry & Harlow* for respondent.

(1) It was not necessary to allege that deceased was at the time exercising due care. *Buesching v. Gaslight Co.,* 73 Mo. 229 ; *Flynn v. Railroad,* 78 Mo. 195 ; *Crane v. Railroad,* 87 Mo. 588 ; *Thomson v. Railroad,* 51 Mo. 190 ; *Lloyd v. Railroad,* 53 Mo. 190 ; *Taylor v. Railroad,* 26 Mo. App. 336. (2) Defendant's instruction in the nature of a demurrer ought not to

have been given, for the reason that the making of flying switches and the kicking of cars over street-crossings is negligence *per se*. *Troutman v. Railroad*, 11 Weekly Notes of Cases ( Penn. ) 455 ; *Kay v. Railroad*, 65 Pa. St. 269 ; *Ferguson v. Railroad*, 63 Wis. 145 ; s. c., Am. & Eng. R. R. Cases, 285 ; *Howard v. Railroad*, 32 Minn. 214 ; s. c., 19 Am. & Eng. R. R. Cases, 386 ; *Butler v. Railroad*, 28 Wis. 487 ; *Brown v. Railroad*, 32 N. Y. 600 ; *Railroad v. State to use McGirr*, 61 Md. 108 ; s. c., 19 Am. & Eng. R. R. Cases, 326 ; *Railroad v. Machas*, 55 Ill. 379 ; *Railroad v. Dignan*, 56 Ill. 487 ; *Stillwell v. Railroad*, 34 N. Y. 29 ; *Railroad v. Garvey*, 58 Ill. 83 ; Patterson's Railway Accident Law, 166. (3) The court did not err in giving plaintiff's instruction. It contained a full review of all the material allegations set forth in the petition and fairly presented plaintiff's cause of complaint to the jury. (4) The instruction given by the court on its own motion was strongly in favor of the defendant. Nor is it objectionable simply because it refers to the petition. The reference to the petition was evidently made for the purpose of shortening the instructions, and went to the matter of description which was a part of the narrative, and not to the essential questions in the case. *Edleman v. Transfer Co.*, 3 Mo. App. 506 ; *Corrister v. Railroad*, 25 Mo. App. 619. (5) The petition states a cause of action against defendant, and the trial court did not err in overruling defendant's objection to the introduction of evidence because the petition failed to state a cause of action. It is not necessary to allege that plaintiff was exercising due care. That point is brought squarely in issue by defendant's answer and plaintiff's reply. Defendant's demurrer to the evidence was rightly overruled by the trial court. There is no evidence of carelessness on the part of O'Connor, "in failing to look and listen for an approaching train," and no contributory negligence on

his part is shown by the facts as proven. Nor even can it be inferred from the circumstances under which he was injured. It was a question of fact, for the jury to determine from the evidence, whether O'Connor was guilty of contributory negligence, and not one of law. And the burden of proof of contributory negligence is on defendant. *Frick v. Railroad*, 75 Mo. 595; *Loewer v. City of Sedalia*, 77 Mo. 431.

BLACK, J.—The defendant appealed from a judgment in favor of the plaintiff for five thousand dollars. damages for the death of her husband, who was run over by one of the defendant's cars at or near the intersection of Union avenue and Hickory street, in Kansas City, in February, 1886.

The defendant offered no evidence. That for the plaintiff is, in substance, as follows: "Hickory street runs north and south, and Union avenue crosses it in a northwesterly direction. Hickory street forms the eastern boundary of the defendant's switch yards, and Union avenue extends along the northeast side thereof. There are five or six railroad tracks on and along Union avenue at this crossing, one of which, at least, is used by the Wabash road, and others are owned by the defendant. The deceased, in going to church on Sunday morning, traveled southward from his home on and along Hickory street until he reached these several tracks. There his progress was obstructed by a train of the Wabash road going east on the south track. At this time defendant's servants were switching cars in and out of the yard. They had a string of cars to the east of the crossing, and from the rear of their train they "kicked" a single car westward over the crossing and into the switch yard. There was no brakeman or other person on the car, and it ran on and over O'Connor, and he died from the effects of the wounds then received.

There is evidence to the effect that O'Connor, in order to get by the passing Wabash train, turned and went west on the defendant's track thirty, forty, or fifty feet, and that the car hit him in the back while he was thus going west; other witnesses who measured the distance say he was found, when run over, not more than fifteen feet west of the west line of Hickory street. There is still other evidence to the effect that he was hit while in the limits of Hickory street, and that the car pushed him westward. If not hit while on Hickory street, he was on Union avenue, both public streets. One or two persons, who were of the crew engaged in switching the cars, hallooed to him to get off the track, but it is evident he did not hear the warning, probably because of the noise of a passing train and that of two switch engines near the same place.

1. The defendant objected to the introduction of any evidence; this objection, it is contended, should have been sustained because the petition did not allege that the deceased was without fault on his part. It is the established law of this state that it is not necessary to state in the petition that the plaintiff or the deceased person was, at the time of the injury, in the exercise of due care or without fault. It is for the party who relies upon negligence, either as a cause of action, or a defence, to allege and prove it. *Thompson v. Railroad,* 51 Mo. 190; *Lloyd v. Railroad,* 53 Mo. 509; *Petty v. Railroad,* 88 Mo. 306; and many other cases.

2. The public as well as the defendant had the right to the use of the streets, and the defendant was at all times in duty bound to respect the rights of persons traveling thereon. The only purpose of making a flying switch was to save travel on the part of the engine. It is too plain to admit of a shadow of doubt that making a flying switch on a public highway, which is in constant use, and without the car being attended by, and under the control of, a brakeman, is evidence of

gross negligence. *Kay v. Railroad*, 65 Pa. St. 269 ; *Butler v. Railroad*, 28 Wis. 487. In *Brown v. Railroad*, 32 N. Y. 597, such an act was characterized as gross negligence, and it may be the better doctrine to say that such an act, under the circumstances disclosed in this case, is negligence *per se*. But the instructions given in this case do not require us to express any opinion upon that proposition. The court, by the instruction given at the request of the plaintiff, left it to the jury to say whether defendant was guilty of negligence, and by another, given by the court, of its own motion, the jury were told that if defendant cut the car loose and permitted the same to run across the street unguarded and unattended, and in such a manner as to endanger travelers passing along or across the street, then such conduct constituted negligence on the part of the railroad company. Again, the court, after stating the abstract proposition that plaintiff could not recover, though the defendant was guilty of negligence, if O'Connor was also negligent, proceeds to say : "It was O'Connor's duty, and he was bound to use his eyes and ears as an ordinarily prudent man would under similar circumstances, to detect the dangers of the situation ; and if he failed to do this, which, if he had done, the injury would not have resulted, then his widow, the plaintiff here, cannot recover, although the car was negligently kicked across the street as charged in the petition." There can be no valid objections to these instructions so far as they relate to negligence on the part of the defendant. And as to contributory negligence on the part of the deceased, we know of no better guide than to measure his conduct by that of a prudent person under like circumstances.

3. The appellant, however, insists that the court should have directed a verdict for the defendant, and an instruction of this character was the only one asked by the defendant. It is the duty of a traveler on a high-

way, when about to cross a railroad track, and especially where there are a number of trains, to use his eyes and ears; in other words he should keep a sharp watch for approaching cars, and if he does not do this, he is guilty of negligence; and when his failure to do this is clearly shown by undisputed evidence, or is found to be a fact by the jury, he cannot recover. The defendant has a right to rely upon the exercise of ordinary prudence on the part of the plaintiff, as in this case on the part of the deceased; so, on the other hand, the plaintiff has the right to presume due care on the part of the defendant. As said in Shearman & Redfield on Negligence (3 Ed.) sec. 31: "As there is a natural presumption that every one will act with due care, it cannot be imputed to the plaintiff as negligence that he did not anticipate culpable negligence on the part of the defendant. He has a right to assume that every one else will obey the law, and to act upon that belief." This doctrine was approved in *Buesching v. Gas Light Company*, 73 Mo. 219, and again asserted in *Stepp v. Railroad*, 85 Mo. 229, and more recently in *Petty v. Railroad*, 88 Mo. 320. The authors before cited, and in the same section, go much further and say: "Nor even where the plaintiff sees that the defendant has been negligent, is he bound to anticipate all the perils to which he may *possibly* be exposed by such negligence, or to refrain absolutely from pursuing his usual course on account of risks to which he is *probably* exposed by the defendant's fault." Shear. & Redf. on Neg., *supra*.

Now in this case, although the deceased was bound to keep a sharp watch for cars, yet he was not bound to anticipate that defendant would make a flying switch across and over the public highway—he was not bound to be prepared for an act of negligence on the part of the defendant. In view of the noise made by the passing trains, it cannot be said, as a matter of law, that he was negligent in failing to hear the warning of the men of

the crew. O'Connor is dead, unable to speak, and it does not appear that he failed to make proper use of his eyes and ears. Whether he did or not, was a question to be determined from all the circumstances in evidence —a question of fact for the jury. As we said in the *Stepp case, supra,* where the traveler's fault, if any there was, is not disclosed by his own evidence, and the company is shown to have been in default, it devolves upon the defendant to show the want of proper care on the part of the person injured. It would have been more prudent on the part of the deceased, looking from a standpoint after he had been killed, to have waited until the Wabash train had passed, but that train was going to the east and he stepped to the west (so some of the witnesses say), all the while being within the limits of Union avenue, and whether he was thereby guilty of negligence was eminently a question for the jury. On the whole we see no reason for taking this case from the jury.

The judgment is, therefore, affirmed. Ray, J., absent. The other judges concur.