[Civ. No. 6519.   Third Appellate District.—January 29, 1941.]

CHARLOTTE S. MORRISON et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Michael F. Shannon, Thomas A. Wood and Charles W. Wolfe for Petitioners.

E. A. Corten, Donald Gallagher, Edmund Thomas and Keith & Creede for Respondents.

TUTTLE, J.—This action has been pending either in the courts or before the Industrial Accident Commission for some five years. Three referees of the commission each heard a portion of the testimony. Petitioners now seek to annul the *second* award of the commission, which was to the effect that they take nothing by reason of their claim for benefits based on the death of Murdoch D. Morrison.

Petitioner Charlotte S. Morrison is the wife of, and the other three petitioners are the dependent minor children of Morrison. The latter was a miner who had, up to a year before he died, worked in the mine of respondent mining company, and was so employed for some seven years. His death was due to silicosis (miner's consumption), according to the first findings made by the commission and to the decision of this court which will hereafter be discussed. His widow, on May 22, 1936, filed a claim for benefits on behalf of herself and children. Respondent, State Compensation and Insurance Fund, refused to pay the benefits or any part thereof. A number of hearings were had, and numerous witnesses were examined on both sides. All the testimony bore upon the *merits* of the case which involved the cause of death. This necessarily involved the question as to *when* the injury occurred, in order to determine the issue of the statute of limitations. Petitioners contended that silicosis, contracted while working in the mine, lead to the development of tuberculosis, from which, admittedly, death ensued. These respondents contended, and sought to prove, that while a certain amount of silicosis was present in the lungs of deceased, it was not the cause of death, and that the sole cause of death was tuberculosis, which did not arise from employment in respondent mine. They also contended that the claim was barred by the statute of limitations. Upon the denial of any relief to

respondents, the latter filed a petition in this court, seeking to annul the award. After a full consideration of all the evidence, we held that the finding of the commission on the merits, to the effect that Morrison died from an occupational disease which was incurred in the course of his employment, was based upon substantial evidence, and that we were bound thereby. (*Morrison* v. *Industrial Accident Commission*, 29 Cal. App. (2d) 528–532 [85 Pac. (2d) 186].) As to the statute of limitations, we held that the commission was without jurisdiction to annul the award upon that ground.

Silicosis is an occupational disease, and is thus briefly described in the case of *Marsh* v. *Industrial Accident Commission*, 217 Cal. 338, 340 [18 Pac. (2d) 933, 86 A. L. R. 563]:

"From the evidence it appears that, by reason of conditions incident to their employment, the three men named became affected with an occupational disease, such as is frequently contracted by miners working in tunnels, and which is medically known as pneumonoconiosis silicosis, or more simply as pneumoconiosis silicosis, a term denoting a disease of the lungs due to silica dust, and sometimes called merely silicosis."

■ It is contended by petitioners that the law of the case has been established by the opinion of this court in the prior review of the same case, mentioned above. We believe that such contention is sound, and that it should be upheld. In a very comprehensive note covering this question, found in 6 Am. & Eng. Ann. Cas., page 793, the rule is thus stated:

"While a decision upon the sufficiency of the evidence on a former appeal is the law of the case, it is the law of the case and conclusive upon a subsequent appeal only when the evidence disclosed by the record is substantially the same upon both appeals. When the evidence presented upon the second appeal is materially different from that previously passed upon, the decision upon the first appeal is not conclusive, the rule of the law of the case having no application. . . . But the evidence upon the second trial must have been substantially different and controlling, in its character. New evidence appearing in the record on the second appeal which does not change the substantial features or merits of the controversy, will not alter the rule, so that, under such circumstances, the conclusion reached by the court upon the first appeal will be regarded as conclusive of the question. . . .

If the additional evidence is merely cumulative, the doctrine of the law of the case is applicable.''

In the case of *Sheets* v. *Southern Pac. Co.*, 1 Cal. (2d) 408 [35 Pac. (2d) 121], there were two trials and two appeals. In the first opinion the Supreme Court held that the evidence in respect to contributory negligence justified a submission of that issue to the jury. On the second appeal, defendant again attempted to have the same question adjudicated. The court held that the decision on the first appeal was the law of the case, and the only question was whether the evidence at the second trial was substantially different from that presented in the first. Defendant there pointed out some differences, but the court held that they were not substantial in character, and that the question could not be raised a second time. We come to that same question here, and it is urged by petitioners that the evidence as disclosed by the record is substantially the same on both appeals. Respondents, in answer to this contention, throw no light whatever upon it. They make no attempt whatever to point out any difference between the two records. However, we have gone over both records, and are satisfied that the second is not substantially different from the first. The following witnesses testified at the second hearing: Bennett, Finn, Dr. Pierson, Dr. Hardie, Charlotte S. Morrison (one of the petitioners), Dr. Padgett, and Mrs. Griffin. The first five gave their testimony upon the first hearing. There is much cumulative testimony given by some of them at the second trial, but the essential facts and ultimate conclusions given by each are substantially the same in each instance. We come now to the two witnesses who testified at the last hearing only. Dr. Padgett merely identified an X-ray negative, a matter concerning which there was no dispute. Mrs. Griffin testified concerning the manner in which the hospital of Dr. Peers was conducted. Her testimony sheds no light upon the question involved. While neither of the last two witnesses was called at the first hearing, their testimony upon the second trial is so inconsequential in respect to the issues, that it can be entirely disregarded.

In answer to the foregoing, respondents contend that the original adjudication by the commission was not upon the *merits,* but applied solely to the statute of limitations. We are unable to come to that conclusion, and are of the opinion

that all the questions here involved were finally and definitely determined by the findings made at the conclusion of the first trial, which read as follows:

"The employee became disabled in August, 1934, from a condition which he was advised by a physician was the result of his occupation as a miner. His application was not filed until October 18, 1935, more than six months thereafter, and the claim is barred, therefore, by the provisions of Chapter 2, Part 4, Division 4 of the Labor Code, formerly Section 11 of Chapter 586 of the Laws of 1917. The claim of the applicant herein filed May 22, 1936, is likewise barred by the foregoing provisions."

The question thus raised was considered and disposed of by this court in the former appeal. We there said in 29 Cal. App. (2d) 528, 532 [85 Pac. (2d) 186]:

"We are of the opinion there is substantial evidence that Mr. Morrison died as a result of silicosis, an occupational disease which was incurred in the course of his employment as a miner in The Original Sixteen to One Mine, and that, as a reasonable person, he possessed knowledge or information that he had a compensable disability on that account in February, 1935. *We are, therefore, bound by the findings of the Industrial Accident Commission in that regard."* (Italics ours.)

We there analyzed all the evidence in order to reach the conclusion mentioned. The entire record of the first trial indicates clearly that the commission considered the merits of the case on trial, instead of the sole issue of the statute of limitations. Numerous witnesses were examined, all upon the merits, and their testimony is spread over some three hundred and twenty-one pages of the transcript. It would seem that respondents then took the view that in order to decide the question of the statute of limitations, it was also necessary to adjudicate the merits of the claim. This was practically admitted by them when, in their answer on the first hearing, they set forth a summary of *all the evidence* to sustain their contention that the claim was not filed in time. All of the foregoing facts should be considered in deciding the question of the extent of the first findings. In our opinion they should be construed to the effect that, while petitioners were entitled to compensation, their claim came too late. This would be entirely consistent. If petitioners

had no valid claim, an adjudication of the question of the statute of limitations would be entirely unnecessary. It thus appears not only that the former decision of this court held that the merits of the case were tried and decided, but a reasonable construction of the prior findings, based upon the surrounding circumstances and the language used, indicates that respondent commission intended to, and did, decide the case on its merits. We are therefore of the opinion that no materially different evidence was produced at the second hearing, and that the conclusions reached by this court upon the first appeal are the law of the case upon both the merits and the statute of limitations.

Concluding, we might add that the evidence in favor of petitioners is of a very strong and convincing character. Dr. Hardie was a resident of the small town where the mine is situated, during the entire time that the deceased was working. He testified that in 1927, Morrison was a large man, in good health, weighing some two hundred pounds. Deceased worked in said mine practically the entire time, until he was compelled to cease. That was in 1935. Dr. Hardie was his personal physician during all of said time. He testified, in effect, that he saw the silicosis gradually developing until the man could no longer work. No doctor who testified for respondents ever saw or examined the deceased when he started work, nor examined him until he had ceased to work and was totally disabled. The chief witness for respondents, Dr. Pierson, *never saw the deceased.* The evidence bearing upon the presence of dust in the mine is conflicting. All doctors, however, agree that deceased had silicosis. The *conflict* is merely upon the question of the degree. There remains the undisputed fact that deceased was a well and strong man when he started to work in the mine; that he died of tuberculosis, and that there was evidence of some silicosis, which is commonly called "miner's consumption".

■ If we are to construe the Workmen's Compensation Law liberally, as we are enjoined by law to do, and as respondents frequently request us to do, this appears to be at least *one* situation where the rule should be invoked. The liberality should be extended to the employee, and not the employer.

■ It is finally contended that petitioners cannot recover because they refused to permit an autopsy. It is provided

in section 5707-19 (e), of the Labor Code, that if an autopsy is refused, "it is a disputable presumption that the injury or death was not due to causes entitling the claimants to benefits under this act." We have pointed out that under the law of the case the question of liability cannot be further litigated. This applies equally to the question thus raised. It must be presumed that the commission was aware of the presumption on the first hearing, and that they decided that there was sufficient evidence to rebut it.

It follows that the award under attack here must be annulled, and it is so ordered. Respondent commission is ordered to make another and further award for the payment to petitioners of such benefits as are fixed by law.

Pullen, P. J., and Thompson, J., concurred.