NEWSOM *v.* GLAZE.

4-8765                                        219 S. W. 2d 232

Opinion delivered April 4, 1949.

*Kenneth C. Coffelt,* for appellant.

*J. H. Lookadoo,* for appellee.

ED. F. McFADDIN, Justice. A traffic collision between approaching vehicles resulted in this litigation. The plaintiff Glaze was driving west, and the defendant Newsom was driving east; and the left front portion of

plaintiff's car struck, or was struck by, the left side of defendant's car. In the ensuing litigation the plaintiff testified that the defendant's car traveled over the center line to the plaintiff's side of the road and "sideswiped" plaintiff's car; the defendant testified that the plaintiff's car traveled over the center line to the defendant's side of the road, and struck the defendant's car. The jury accepted the plaintiff's version, and from the verdict and consequent judgment defendant brings this appeal. He urges for reversal: that the undisputed physical facts are susceptible of only one conclusion, and definitely prove that the plaintiff's testimony is unworthy of belief.

It is admitted by the defendant that there is sufficient evidence to sustain the verdict of the jury, unless the physical facts prevail as a matter of law; but it is most earnestly insisted that certain physical facts establish the defendant's case and necessitate reversal of the jury's verdict. Learned counsel for defendant invoke the rule that a verdict will be set aside if it be against incontrovertible physical facts; and in support of that rule he cites *St. L. S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768; *Waters-Pierce Oil Co.* v. *Knisel,* 79 Ark. 608, 96 S. W. 342; *Platt* v. *Owens,* 183 Ark. 261, 35 S. W. 2d 358; *Magnolia Petroleum Co.* v. *Saunders,* 193 Ark. 1080, 104 S. W. 2d 1062. To these cases might well be added: *Aldread* v. *Mills,* 211 Ark. 99, 199 S. W. 2d 571; and *Mo. Pac. R. Co.* v. *Diffee,* 212 Ark. 55, 205 S. W. 2d 458. See, also, the following: 3 Am. Juris. 451, 4 C. J. 861, 5 C. J. S. 631, and note on page 640; 46 C. J. 183; and the annotation in 21 A. L. R. 141 on "Evidence contrary to scientific principles or laws of nature."

With the rule of our cases in mind, defendant lists seven physical facts which he claims (a) to be undisputed and (b) to prove beyond controversy that the collision occurred on the defendant's side of the highway. We quote from defendant's brief:

"The physical facts that show positively and conclusively that Glaze is clearly and palpably wrong, and that the verdict shocks the sense of justice, are:

"1. When two cars run together, one of them traveling fifty miles per hour, knocking its front wheel and fender down, and damaging the rear of the other car, some physical signs at the place of impact will be left to tell the tale.

"2. All of the glass, rim signs, and dirt from the cars were at the point along the road where Newsom said he got hit.

"3. There is not a single sign of the collision across the road where Glaze said he was struck, or on any portion of the road close by.

"4. Newsom's car was struck at the left rear wheel and knocked off the road and stopped facing west.

"5. The left front wheel and fender of Glaze's car was the part damaged.

"6. The position and trail left by Glaze's car after the collision establish the positive truth of Newsom's statement.

"7. The admitted speed of the Glaze car makes it impossible for his version to be correct."

Even though the foregoing list appears formidable, nevertheless, those seven points are far from being undisputed. For instance: (a) the speed of the car was disputed; (b) the broken glass alleged to have been found near the scene of the collision was never shown to have been broken from either car; (c) the only marks or signs of the collision testified to by any witness were some on the *gravel shoulder* of the road; and (d) one of the witnesses (a minister) testified that there were no marks or signs at the scene where the collision took place. Thus, some of the seven "physical facts" offered by the defendant were not established by affirmative evidence, and it is only when the physical facts are "incontrovertible" that they may be used as a basis to impeach the jury verdict.

When we lay aside—as we must—the controvertible physical facts, we have these left: (a) the damage to each car (that is, the left front of the plaintiff's and the

left side of the defendant's); (b) the course of the vehicles after the impact; and (c) the final stopping place of each car. These three physical facts are not sufficient to establish defendant's contentions in the face of the jury verdict. Regardless of the exact point of the collision on the highway, there could have been the same damage, the same resulting course of the vehicles, and the same final stopping place of each car. In *Aldread* v. *Mills*, 211 Ark. 99, 199 S. W. 2d 571 we had a case similar to the one here, and what was said in that case in regard to such physical facts is applicable to the case at bar. We apply here what we there quoted from *Lang* v. *Mo. Pac. R. Co.*, 115 Mo. App. 489, 91 S. W. 1012:

" 'So frequently do unlooked-for results attend the meeting of interacting forces that courts, in such cases, should not indulge in arbitrary deductions from physical law and fact, except when they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable minds, of any other.' "

It is not for us to substitute our conclusions for those of the jury, unless the incontrovertible physical facts demonstrate beyond a doubt that the verdict was erroneous. We cannot so declare in this case. Affirmed.