[S. F. No. 11573. In Bank.—March 14, 1928.]

ELEONORE DULLANTY, Respondent, v. ASHLEY SMITH, Appellant.

Cooley & Gallagher and Cooley, Crowley & Gallagher for Appellant.

Ralph H. Lachmund for Respondent.

PRESTON, J.—By this action plaintiff seeks to recover damages for personal injuries sustained through collision with automobile driven by defendant. The complaint alleges negligent operation of said automobile by defendant; the answer contributory negligence on the part of plaintiff. Verdict of the jury was in favor of plaintiff, and defendant has appealed.

Briefly, the following facts are fairly established by the evidence: Defendant, returning from a funeral, was traveling south at a slow rate of speed on Webster Street, near its intersection with Grand Avenue, Oakland, California. The day had been rainy and the streets were wet and slippery. Plaintiff, a woman sixty-seven years of age at the time of the trial, was crossing Webster Street just south of the intersection, approaching the west curb. She was holding her skirts up to keep them dry and walked straight ahead until almost the moment of impact, when she hesitated in confusion and turned slightly north. Defendant put on the brakes and turned to the right to avoid hitting her, thus reducing the speed of his car from fifteen or eighteen to seven or eight miles an hour or less, whereupon the car skidded diagonally to the left. The front end passed plaintiff, but the right rear door hit her, knocking her to the ground, where she was found unconscious, with her feet pointed toward the machine and her head away from it. The machine stopped partly or wholly on defendant's wrong, or left side of the road, and the left front fender thereof became entangled with the left rear fender, or end, of the automobile of a Mr. Rinderneck, who was traveling in the opposite direction, north, and had just previously slowed down to enable plaintiff to cross in front of his machine. The actual occurrence is narrated by defendant, his brother, who was riding with him, and Mr. Rinderneck.

Plaintiff testified that she had safely crossed Webster Street from west to east, searching for a certain vine-covered house. Not finding it, she turned and started to retrace her steps, hesitating at the east curb with the intention of crossing again to the west side of Webster Street. As a result of the accident, however, she suffered a complete lapse of memory as to what happened between that moment and her awakening in the hospital. She testified that the last thing she recalled was that she stood on the curb and

looked to the right and left preparatory to stepping into the street.

Appellant complains of the insufficiency of the evidence to prove negligence on his part and further contends that the negligence of plaintiff contributed proximately to the happening of the accident. On these points we are concluded by the verdict of the jury. Plaintiff's loss of memory, coupled with other uncertain and conflicting testimony, leaves the record in such a state that it is impossible for an appellate tribunal to say from examination of it, who was or was not negligent, but plain it is that a finding by the jury either way would have had support. It can by no means be said that there is not competent evidence of negligence on the part of defendant sufficient to justify the verdict; neither can it be said that the record is so clear as to establish any contributory negligence whatsoever on the part of plaintiff. In short, these were questions for solution by the jury and its conclusion is final.

Errors of law are assigned by appellant in connection with the admission of testimony and alleged prejudicial conduct of the trial court in his attitude and remarks relative thereto, and in the giving of alleged erroneous instructions.

During the trial, pursuant to stipulation, counsel for plaintiff introduced and was reading in evidence the deposition of defendant, when defendant's counsel interrupted to ask the judge to look at the next ten or fifteen questions and answers, saying: "We will object to the reading of them to the jury, as incompetent, irrelevant, and immaterial." Accordingly, certain testimony, not appearing in the record, was omitted and the reading then resumed. The questions and answers immediately following the omission disclosed the fact that defendant carried insurance; that he had reported the accident to the police and thereafter to the insurance company, and that he had referred plaintiff to said insurance company, placing the entire matter in its hands. Counsel for defendant thereupon again objected and moved to strike out said testimony. The motion was granted and the jury was informed as to the matter stricken out. Counsel persisted in his statement that he was not satisfied and the following colloquy ensued: "The Court: Do you want the jury discharged? Mr. Gallagher: Yes. The Court: I just wanted to see how far you would go in

the case. Mr. Gallagher: I take an exception to the remarks of the court. The Court: Ladies and gentlemen of the jury, the Court has stricken out certain testimony to which counsel has addressed himself in objecting to the testimony. You are not to consider it for any purpose in this case, nor are you to consider the remarks of counsel on either side in connection with it, nor the remarks of the Court, as evidence in this case.''

Assuming first, for the purposes of this discussion, that said testimony was legally objectionable, the circumstances reveal no prejudicial error. It is apparent that counsel failed to make clear to the court, prior to reading thereof, exactly what portions of the deposition he wished omitted. Had he properly marked such passages and submitted them for a ruling, the matter of insurance might not have gone before the jury. No blame attaches to plaintiff for such neglect in this respect. Furthermore, not only were the objections sustained and the motion to strike granted, but the jury was first directed, and subsequently admonished in even stronger language, to disregard the evidence stricken out and the remarks of court and counsel. In addition, to prevent any possible misconception or prejudice remaining in the minds of the jurors, two full and complete instructions on the subject were given, directing them to discard entirely from their thought whatever discussion was had between court and counsel, and all the evidence in question, and charging them that under their oaths it was their solemn duty not to permit the fact that an insurance company had been mentioned to influence their verdict in the slightest degree.

The fact that this testimony contained, in addition to unobjectionable matter, references to the insurance of defendant, did not necessarily make it inadmissible for all purposes. It is true that the court frowns upon any attempt to show that a defendant carries indemnity insurance, but where, as here, there is an entire absence of any indication whatsoever of lack of good faith on the part of plaintiff, evidence of this character, as an admission against interest, or for certain other purposes, may be received, notwithstanding the fact that it contains material which under other circumstances would be objectionable (*Upham Co.* v. *United States etc. Co.*, 59 Cal. App. 606, 610 [211 Pac. 809] ; see,

also, *McPhee* v. *Lavin*, 183 Cal. 264, 269 [191 Pac. 23], treating of the very situation here under consideration).

The complaint in this case alleged that plaintiff suffered the following injuries: Severe concussion of the brain, deep laceration of forehead over the left eye, "L" shaped, extending down across eyebrow; severe contusions of chest, left cheek, arms and legs; great physical pain and anguish; severe shock to nervous system, as a result of which she believed she would be permanently injured and disfigured. These allegations were broad enough to permit of the admission, over defendant's objection, of testimony to the effect that by reason of the accident plaintiff had two teeth knocked out; shoulders, neck, head, and throat made black and blue and suffered for the first three days a complete lapse of memory with forgetfulness recurring at intervals thereafter (*Lauder* v. *Currier*, 3 Cal. App. 28 [84 Pac. 217]; *Martin* v. *Pacific Gas & E. Co., ante,* p. 291 [264 Pac. 246], and cases therein cited).

Appellant contends that under the authority of *McPherson* v. *Walling,* 58 Cal. App. 563 [209 Pac. 209], the giving of the following instruction constituted reversible error in that it disregarded the doctrine of contributory negligence: "I instruct you that a person lawfully and carefully using a street has the right to assume that all other persons using the street will also use ordinary care and caution. This rule allows pedestrians to assume that motor vehicle drivers will obey and abide by the traffic laws and regulations." We believe no error was committed in the giving of this instruction. It contains the very element which was found to be lacking in the instruction disapproved in the McPherson case, that is, it is especially limited to "a person lawfully and carefully using a street." As is said in that case: "Where no question exists as to the lawfulness of the plaintiff's acts it may be proper to instruct the jury that 'The general rule is that every person has a right to presume that every other person will perform his duty and obey the law. . . . '" Furthermore, in the instant case, the jury was fully informed with respect to all phases of contributory negligence by numerous other instructions.

Appellant criticises two other instructions. The first, a lengthy one, it is unnecessary to quote. The attack is directed against a portion of it only when separated from the

full context. When read in its entirety, the plain meaning of the instruction is apparent and it is not subject to the interpretation or objections urged by appellant. The other instruction mentioned has not our unqualified approval and it would have been better to have omitted it; still, it does not appear that the substantial rights of the defendant were prejudiced thereby or that the giving of it constituted reversible error. It is to be noted that in the case of *Mulholland* v. *Western etc. Co.*, 21 Cal. App. 44, 52 [131 Pac. 110, 113], on an application to transfer, this court, in a divided vote, held said instruction to be not erroneous.

■ The court further instructed the jury: "The Motor Vehicle Law also provides as follows: 'Every motor vehicle when operated upon the public highways shall be equipped with a bell, gong or horn in good working order, capable of emitting sound audible under normal conditions for a distance of not less than two hundred feet.' (Stats. 1923, p. 545, sec. 95, subd. a.) It is the duty of the driver of an automobile to give notice of the approach of said automobile towards pedestrians or other vehicles using the same highway by reasonable warning signal such as sounding a horn in sufficient time to give timely warning to other persons using said street of the approach of said automobile and a failure to comply with this requirement of law constitutes negligence in itself. If you find from the evidence in this case that the defendant failed to comply with this requirement of law, and that such failure was the proximate cause of the injury herein complained of, while plaintiff was in the exercise of ordinary care, then your verdict must be . . . in favor of the plaintiff. . . . "

Appellant contends that this instruction told the jury in effect that his failure, if any, to sound a horn was a violation of law and of the duty resting upon a motorist to sound it upon approaching every intersection in use by pedestrians, whereas the actual requirement of law is only that vehicles be equipped with horn, or other similar device, and the duty of a motorist is only to blow such horn when it appears to be necessary. There was testimony tending to show that plaintiff saw the machine bearing down upon her and there was also testimony that, intent upon avoiding puddles in the street, she kept her eyes to the ground and was totally oblivious of its approach. It was,

therefore, for the jury to determine whether appellant in fact failed to sound a horn and, if he did fail to sound it, whether under the circumstances as disclosed by the evidence, such failure constituted negligence on his part. The instruction complained of might have been more carefully worded. However, it contains a saving clause which limits the duty of a motorist to the giving of a ''seasonable warning signal.'' This was as much as to say that it was a duty to sound the horn only when the circumstances were such as to require that notice or timely warning to be given of approaching danger, but did not necessarily imply that it was a violation of law to neglect to sound it at every intersection in use by pedestrians. Furthermore, it is our opinion that the giving of said instruction, in connection with all the other instructions, did not result in any miscarriage of justice.

The other points urged by appellant, including his further criticisms of instructions, relate to alleged defects so slight as to be unworthy of prolonged discussion. We have carefully considered them all and find none which constitute reversible error.

Judgment affirmed.

Curtis, J., Shenk, J., Seawell, J., Waste, C. J., Langdon, J., and Richards, J., concurred.