[Sac. No. 4320. In Bank.—June 2, 1930.]

JOHN F. JACKSON, Respondent, v. THE LACTEIN COMPANY (a Corporation) et al., Appellants.

GEORGE F. HAVER, Sr., et al., Respondents, v. THE LACTEIN COMPANY (a Corporation) et al., Appellants.

ANNA OVERMAN, Respondent, v. THE LACTEIN COMPANY (a Corporation) et al., Appellants.

J. M. Walthall and Hartley F. Peart for Appellants.

George W. Seith, F. O. Hoover and Louis P. Pink for Respondents.

PRESTON, J.—The judgments rendered in the above-entitled causes are and each of them is hereby affirmed.

The several plaintiffs above named commenced their respective actions against the defendants, The Lactein Company, a corporation, and David L. Robinson, to recover damages for alleged injuries resulting from the collision of a Ford sedan, driven by plaintiff Jackson, in which plain-

tiffs Mary Haver, Anna Overman, and another lady, were riding, with a milk truck which was being operated by defendant Robinson for the purpose of conveying milk under his contract with defendant, The Lactein Company, a corporation. Save for the different parties plaintiff and the respective amounts of damage alleged to have been suffered by each of them, the three causes of action are identical and they were, therefore, by order of court, properly consolidated and tried together on the same evidence. The jury returned verdicts awarding plaintiff Mary Haver $10,000, no award being made in favor of her husband plaintiff George F. Haver, Sr., who was seeking to recover for the loss of her services, etc.; awarding plaintiff Anna Overman $2,500, and awarding plaintiff John F. Jackson $800. Judgment was duly entered thereon. Motion for a new trial in each case was denied. Defendants now appeal from the order denying their motions for new trials and from the judgment entered on said three verdicts.

As appellants' main specification of error relates to the alleged insufficiency of the evidence to support the verdicts and judgment and as we find, upon examination of the record, abundant, ample, competent evidence in support thereof, we shall endeavor to limit our discussion to a bare statement of the essential facts.

At the time in question, September 17, 1926, about 8:40 A. M., the weather being dry and clear, plaintiff Jackson, with plaintiffs Mary Haver, Anna Overman and a Mrs. Richards, was driving in a Ford sedan in a southerly direction on the Crows Landing road about twelve miles south of Modesto, California. Defendant Robinson, a young man then nineteen and a half years of age, driving a White truck, was at the same time proceeding northward on said highway. The road consisted of practically a straight strip of concrete pavement approximately twelve feet wide, with sand and dirt, wet in places from rice irrigation, about two inches below the surface of the pavement, extending along both sides. The truck had double wheels in the rear, protruding some six or seven inches beyond the line of the front wheels. Its width through the rear wheels was seven feet. The Ford was five and one-half feet wide. It will, therefore, be seen that for these vehicles to pass on a twelve-

foot highway, one or both of them would be forced to drive partly off the road on to the dirt along the side thereof. The Ford passed the front wheels of the truck safely, but in passing the rear wheels, a collision occurred which caused it to turn sharply to the left, sliding completely around and over on its side until it landed with its wheels in the air on the extreme east side of the road. Defendant Robinson stopped his truck a short distance further on and Mr. Baker, a farmer who was working on a gate in a near-by ditch, also came to plaintiffs' assistance. It is unnecessary to detail here the damage done to each of them, as appellants under the evidence are in no position to make any claim that the verdicts are excessive, in view of the severity of the injuries received and especially those suffered by Mrs. Haver.

As above stated, with respect to many particulars surrounding the actual happening of the accident, a direct conflict in the evidence was resolved in favor of plaintiffs. Some of these points will now be stated. Defendant Robinson stated that in his opinion the speed of the Ford was around thirty miles per hour; practically all the other witnesses testified that it was about twenty-three, or between twenty and twenty-five miles per hour, which latter speed is consonant with the distance traveled by plaintiffs during the time intervening between their morning departure and the accident. Defendant Robinson testified that he was driving the truck around thirty miles an hour. The various plaintiffs, and witness Baker, placed its speed at from forty to forty-five miles an hour. Defendant Robinson testified that he had pulled his truck "clear off the highway" and that the Ford was entirely on the pavement and in two feet from the outer edge. Plaintiff Jackson, on the contrary, testified that the truck was approaching in the exact center of the road and that the right wheels of the Ford were four feet in the sand. Mrs. Overman corroborated his testimony, stating that the wheels of the Ford were off in the sand, though she did not know just how far. Mrs. Haver testified that she was reading a newspaper at the time and did not notice what the situation was. Mrs. Richards, the other occupant of the Ford, testified that the truck was over the center line, that is, partly on the left side of the road. Mr. Baker testified that after the acci-

dent he examined the skid marks made by the truck; that those of the left wheel began past the center of the highway—that is, on the left side thereof. On cross-examination he testified as to the position of the right-hand wheels of the truck at the time of the collision, that there were marks on the highway that "appeared to be truck tracks in about three feet on the highway . . . where the collision occurred." This latter testimony, therefore, would also place the truck in practically the center of the road, with one side extending over on to the left, or wrong half thereof.

The jury could well have credited the testimony of plaintiffs and of this apparently disinterested witness as to the speed of more than forty miles per hour and center position on the road of the truck and thereby concluded that if the right wheels of the seven-foot truck were in three feet on the highway, only two feet thereof remained, partly at least upon which plaintiff Jackson must drive his Ford in order to avoid being hit by said vehicle which was approaching him at such a rapid speed; hence that plaintiff was not negligent in failing to turn out even further in order to clear the rear wheels of the truck, but that said defendant was plainly negligent in maintaining on the narrow pavement such a position and such a speed. Furthermore, various witnesses also testified that the truck swerved dangerously at the moment of passing and hence plaintiff Jackson, having gotten safely past the front wheels, was still unable, even by the exercise of all due care, to avoid calamity. This latter testimony was also worthy of credit.

Certainly the sufficiency of the above showing to support a finding of negligence on the part of appellants can scarcely be denied, and it also furnishes a complete answer to appellants' claim that the evidence established contributory negligence on the part of plaintiffs. The testimony which we have already set forth and other evidence equally clear found in the record produces the conviction that the conclusion reached by this jury was well warranted under the circumstances of the case.

One other complaint is made by appellants, to wit, that the trial court committed reversible error in giving to the jury an instruction in part to the effect that appellants' plea of contributory negligence presupposed the existence

of negligence on their part. They cite *Hoffman* v. *Southern Pac. Co.*, 84 Cal. App. 337 [258 Pac. 397]. The issue there, however, was whether or not the trial court's refusal to charge the jury upon the question of contributory negligence was prejudicial error. No instruction was under attack and the holding there made is not decisive of the question before us. We do recognize, in the light of that case, that the instruction before us might well be subject to the criticism directed against it and, indeed, this is not the first time this identical matter has been before us (*Linforth* v. *San Francisco etc. Co.*, 156 Cal. 58, 66 [19 Ann. Cas. 1230, 103 Pac. 320]; *Mulholland* v. *Western Gas etc. Co.*, 21 Cal. App. 44, 52 [131 Pac. 110]; *Wright* v. *Salzberger & Sons*, 81 Cal. App. 690, 701, 702 [254 Pac. 671]; *Dullanty* v. *Smith*, 203 Cal. 621, 627 [265 Pac. 814, 816]). But it is our firm belief, after a thorough review of the entire record, that in this case no miscarriage of justice resulted from the giving of said instruction; hence, we repeat as applicable here the language recently employed in the case of *Dullanty* v. *Smith, supra*, to wit: "The . . . instruction mentioned has not our unqualified approval and it would have been better to have omitted it; still it does not appear that the substantial rights of the defendant were prejudiced thereby or that the giving of it constituted reversible error."

Finding the various claims of appellants to be without merit, we have reached the conclusion first herein set forth.

Richards, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.