[S. F. No. 13718.  In Bank.—May 1, 1931.]

GEO. L. SHEETS, Appellant, v. SOUTHERN PACIFIC COMPANY et al., Respondents.

510

George C. Hadley, J. Horton Beeman and Franklin Swart for Appellant.

Kincaid & Fitzpatrick, Dozier & Kimball and Christian F. Kimball for Respondents.

WASTE, C. J.—We agree with, and adopt as and for the decision of this court, the following portion of the opinion handed down by the District Court of Appeal, First Appellate District, Division One:

"This action is one for damages for personal injuries sustained by the plaintiff through the alleged negligence of defendant corporation. The latter denied the negligence alleged and as a defense alleged contributory negligence on the part of the plaintiff. The case was submitted to a jury which returned a verdict for the plaintiff in the sum of $7,500. Defendants moved for a new trial, which was granted, and plaintiff has appealed from the order.

"The accident occurred shortly after 5 o'clock p. m. on November 30, 1928, at the intersection of the Middlefield road, a public highway, and the tracks of the defendant company in the outskirts of Redwood City. The plaintiff, who was familiar with the crossing, was driving a motor truck north along the highway, which runs approximately north and south. The railroad tracks cross the highway obliquely at an angle of about 35 per cent and extend in a general northwesterly and southeasterly direction. The truck which plaintiff was operating was struck at the crossing by a single freight car, moving in a northwesterly direction under the momentum previously imparted to it by a locomotive in the course of making a flying switch. Previous to the approach of the locomotive the truck arrived at the crossing and stopped on the southerly side thereof upon the signal of a brakeman stationed at the crossing to protect traffic. When some distance from the crossing the locomotive was detached from the freight car while both were in motion and continued on across the highway. After the

locomotive had crossed the brakeman turned and left the crossing in the direction the locomotive was traveling, whereupon the plaintiff started to cross and the truck was struck by the oncoming freight car, causing the injuries complained of.

"The motion for a new trial was based upon the fifth, sixth and seventh subdivisions of section 657 of the Code of Civil Procedure, and was granted without specifying upon which the order was made. Under the above section it must be presumed that the order was not based upon the insufficiency of the evidence to justify the verdict, and the plaintiff claims that the record discloses no other ground for making the order. Under the circumstances we are precluded from considering the question of the insufficiency of the evidence unless it was insufficient as a matter of law. (*Yoakam* v. *Hogan,* 198 Cal. 16 [243 Pac. 21]; *Kauffman* v. *Maier,* 94 Cal. 269 [18 L. R. A. 124, 29 Pac. 481]; *Read* v. *Pacific Elec. Ry.,* 185 Cal. 520 [197 Pac. 791].) But defendant claims that plaintiff was shown to have been guilty of contributory negligence as a matter of law; also that certain instructions were prejudicially erroneous and that the amount awarded as damages raises the presumption that the jury was influenced by passion and prejudice.

"It was stipulated that on the evening of the accident the sun set at 4:40 o'clock p. m., and, according to the testimony, the accident happened at about 5:15 o'clock p. m. At each end of the truck seat curtains were placed, through each of which an aperture 10 inches square had been cut and covered with a transparent sheet of isinglass. Although it was dusk the plaintiff testified that he could see ahead 300 feet and objects distinctly 50 feet, but that objects were less visible through the isinglass. He further testified that before starting to cross he looked through the curtain in the direction of the approaching freight car but did not see or hear it. He admitted that by leaning forward he might have looked around the curtain but failed to do so. He also admitted that on the opposite side of the crossing was placed a signal which gave warning by means of a bell and a moving arm, called a wig-wag, but that he did not notice whether this signal was operating at the time he attempted to cross. As stated, the testimony also shows that when the locomotive had passed, the brakeman or flagman who signaled plaintiff to stop left the crossing and walked in the direction of

the locomotive, and it was then that the plaintiff moved his truck forward. The latter in this connection testified, in substance, that he depended to a certain extent upon the flagman and would not have attempted to cross had the latter remained upon the crossing. It was also testified that a brakeman with a lighted lantern was standing upon the forward end of the approaching freight car, but according to the plaintiff he did not see either the brakeman or the lantern. Other witnesses testified to the unsuccessful efforts of the trainman and others to direct plaintiff's attention to the approaching car. ■ As has often been held, a railroad crossing is itself an effectual warning of danger which must always be heeded and the failure to exercise ordinary care in passing over such a place will not be excused by the negligent omission of the railroad company to exercise such care. (*Green* v. *Southern Cal. Ry. Co.,* 138 Cal. 1 [70 Pac. 926].) Nor is it the law that where a railroad adopts safety appliances or other methods of warning or protection, the crossing travelers are absolved from the duty of exercising ordinary care for their own safety (*Koch* v. *Southern Cal. Ry. Co.,* 148 Cal. 677 [113 Am. St. Rep. 332, 7 Ann. Cas. 795, 4 L. R. A. (N. S.) 521, 84 Pac. 176]), but a railroad company will not be permitted to encourage a relaxation of vigilance by assurances that the danger has been minimized and at the same time hold persons to the same *quantum* of care as if no safety measures had been adopted (*Gregg* v. *Western Pac. Ry. Co.,* 193 Cal. 212 [223 Pac. 553]). ■ Again, it has been held in numerous decisions that the practice of making flying switches is inherently dangerous (Elliott on Railroads, 3d ed., sec. 1813), and where it appears that the injury complained of was so occasioned the inferences drawn from the facts are not the same as those arising from the circumstances of the ordinary collision, as it usually appears that the injured person had not the same opportunity to discover the danger (22 Cal. Jur. Railroads, sec. 65, p. 312. ■ While the cases hold that when to look is to see, testimony that one did look and could not see will be disregarded (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, 242 [116 Pac. 513]), we cannot say . . . that plaintiff's testimony that he looked and could not see the approaching freight car is not true nor that had he looked around the curtain instead of through the isinglass he would have discovered the danger. Neither can we say that the action of the flagman in leaving

the crossing, taken in connection with the fact that the locomotive had crossed the highway, was not a fact which would reasonably justify the conclusion that the danger was past. . . . ''

■ Negligence cannot be imputed to one who is deceived by appearances calculated to deceive an ordinarily prudent man. In Shearman & Redfield on Negligence, section 476, it is said that the failure to look and listen becomes negligence as matter of law only ''where there are no appearances or conditions that would have deceived a person of ordinary prudence''. There are many decisions tending to indicate that where a plaintiff is thrown off his guard by the conduct of the defendant or is lulled thereby into a sense of security, so that he goes upon the crossing, as the plaintiff here did, he is not chargeable with contributory negligence as matter of law. In this connection see *Baker* v. *Kansas etc. Ry. Co.,* 147 Mo. 140 [48 S. W., 838, 845], *Stevens* v. *Missouri etc. Ry. Co.,* 67 Mo. App. 356, 364, *Chicago etc. Ry.* v. *Hedges,* 105 Ind. 398, 406, 407 [7 N. E. 801], and *Brown* v. *New York Cent. Ry. Co.,* 32 N. Y. 596, 602 [88 Am. Dec. 353], all of which treat of the contributory negligence of a plaintiff in ''flying switch'' cases.

The fact that the brakeman left the crossing after the engine had passed and before the ''shunted'' car had reached the crossing may well have led the plaintiff, acting as a reasonably prudent man, to assume that the danger had passed, thus causing him to relax his vigilance. As stated in the case last above cited, ''it is asking too much, to say that it was negligence, as matter of law, not to have anticipated that detached cars were following in the rear of the train that had passed. . . . '' ■ Therefore, following the case of *Gregg* v. *Western Pac. Ry. Co., supra,* we are of opinion that the question whether plaintiff, under all the circumstances, exercised ordinary care for his own safety was one for the jury.

■ The following instruction, among others, was given to the jury: ''There is a doctrine in law known as contributory negligence; when a defendant charged with negligence urges this defense for the purpose of defense he admits his own negligence, but urges that the plaintiff was also negligent and that the negligence of the plaintiff so charged was a contributing cause of the accident. To sustain such defense it is not enough that plaintiff appeared to have been negli-

gent, but it must appear as well that his negligence was a proximate cause of the accident." Citing *Hoffman* v. *Southern Pac. Co.,* 84 Cal. App. 337, 347 [258 Pac. 397], the respondent urges that "the question of defendant's negligence is practically eliminated as an issue and taken away from the jury by this instruction". In *Linforth* v. *San Francisco Gas & Elec. Co.,* 156 Cal. 58, 66 [103 Pac. 320], a similar instruction was referred to "as sound in point of law". However, such an instruction plainly tells the jury that a plea of contributory negligence is an admission of culpable negligence on the part of the defendant. This is not the law. A defendant may deny that he was guilty of any negligence, and at the same time consistently claim that, even if the jury should find that he has been negligent, the plaintiff would not have sustained any injury if it had not been for his own negligence as a proximate cause. For this reason, the later decisions have refused to approve the instruction now complained of, and have intimated that, should the giving of this instruction prejudicially affect the substantial rights of a defendant, reversible error might well be concluded to have resulted therefrom. (*Jackson* v. *Lactein Co.,* 209 Cal. 520, 523 [288 Pac. 781]; *Dullanty* v. *Smith,* 203 Cal. 621, 627 [265 Pac. 814]; *Wright* v. *Salzberger & Sons,* 81 Cal. App. 690, 701, 702 [254 Pac. 671].)

The "shunting" or "kicking" of a railroad car over a highway crossing is a dangerous act, but not such as to constitute negligence *per se.* Whether the "flying switch" here attempted was negligently executed, and without ample protection to the traveling public, was a question solely for the jury's determination. The evidence on this point, as well as that addressed to the plaintiff's contributory negligence, was decidedly close, and could well have been resolved either way by the jury. This being so, we are inclined to the conclusion that the giving of the above-quoted instruction substantially prejudiced the respondent's rights, and the trial court, in the exercise of a reasonable discretion, might properly grant a new trial on this ground. In view of the closeness of the evidence, we cannot say that this instruction did not influence the jury in its deliberations, or that any detrimental effect resulting to the respondent from the giving of said instruction was cured by the more correct statement of the law in the general and discursive charge of the court. The result in such a case is, at best, a direct conflict in the

instructions—leaving the jury without a guide in their deliberations. In granting a new trial on the ground of inconsistency in the instructions, much is committed to the discretion of the trial court, and an abuse of such discretion must appear before the order will be set aside.

For this reason, the order granting a new trial is affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., Seawell, J., and Langdon, J., concurred.