[Civ. No. 7508.   First Appellate District, Division One.—November 9, 1931.]

**J. KLEMKO, Respondent, v. MARSHALL B. RYER, Appellant.**

Charles W. Haswell for Appellant.

Ford & Johnson for Respondent.

TYLER, P. J.—Action for damages.

The case involves an intersection collision between plaintiff's and defendant's automobiles.   On April 27, 1928, at the hour of 1:30 A. M. plaintiff, respondent herein, was driving his automobile in a westerly direction along Post Street toward Larkin.   At said time and place, defendant drove and operated an automobile in a northerly direction on Larkin Street.   The complaint alleges that defendant so drove and

operated his machine that it collided with the car operated by plaintiff, in consequence of which he was seriously injured. A jury awarded plaintiff damages in the sum of $4,000. No claim is here made that the amount is excessive.

The first point relied upon for a reversal is that the evidence is insufficient to sustain the verdict. It is further urged that the court erred in giving and refusing to give certain instructions to the jury. We do not consider there is merit in either contention. As a matter of common knowledge the conclusion is inescapable that where two automobiles collide upon an open intersection, that one or the other of the drivers is negligent and possibly both. The question as to which driver is negligent is one for the jury. (*Tyson* v. *Burton*, 110 Cal. App. 428 [294 Pac. 750].) Here there is evidence to show that defendant did not exercise ordinary care in operating his machine, as he testified that he did not see plaintiff until the moment he collided with him. There is also evidence to indicate that defendant was traveling on the wrong side of the street and at an excessive rate of speed. It is the duty of a motorist approaching at right angles to avoid a collision and in approaching an intersection he must proceed with circumspection, so as not to come in collision with other vehicles. The evidence is ample to show that defendant failed to exercise ordinary care and the accident would not have occurred but for his negligence. This was the conclusion of the trial judge, for a motion for a new trial when made was denied.

In his answer defendant traversed the allegations of the complaint and as a special defense pleaded contributory negligence on the part of plaintiff. The trial court instructed the jury in effect that defendant, for the purpose of this defense, admitted his own negligence. It is urged that this instruction was prejudicial and requires a reversal of the judgment. Instructions of a similar character have not received the unqualified approval of our Supreme Court and they are better omitted. (*Sheets* v. *Southern Pac. Co.*, 212 Cal. 509 [299 Pac. 71].) However, before such an instruction justifies a reversal, it must appear that it prejudicially affected the rights of a defendant. (*Jackson* v. *Lactein Co.*, 209 Cal. 520 [288 Pac. 781]; *Dullanty* v. *Smith*, 203 Cal. 621 [265 Pac. 814].) Moreover, the court in-

structed the jury that an injury might be sustained either through the negligence of the plaintiff, or the defendant, or both, and that if the jury found that defendant was not negligent plaintiff could not recover, and further, that if defendant was negligent, and plaintiff also negligent, and that his negligence contributed proximately to his injury, then plaintiff could not recover; that such negligence on the part of plaintiff, if found to exist, constitutes contributory negligence. Considering all the circumstances, including the acts of negligence on the part of defendant as above recited, we cannot say that the giving of the instruction affected the substantial rights of appellant.

Certain instructions offered by defendant, in regard to the law applicable to the speed and right of way of automobiles at crossings, were refused by the trial court and such refusal is assigned as error. The court fully and fairly instructed the jury upon these subjects.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 9, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7, 1932.