[Civ. No. 4384. Third Appellate District.—December 15, 1931.]

GEORGE VINOLE et al., Respondents, v. D. CASO, Appellant.

Hawkins & Hawkins for Appellant.

Devine & Devine and Valentine C. Hammack for Respondents.

TUTTLE, J., *pro tem.*—This is an action by George Vinole and Nan Vinole, his wife, to recover damages for personal injuries alleged to have resulted from an automobile collision.

The case was tried before a jury and a verdict rendered, which fixed the damages to the husband at $1500 and those to the wife at $7,500. This appeal is prosecuted from the judgment entered upon the verdict.

On the evening of July 5, 1929, one of the defendant's employees parked a truck on N Street in the town of Newman. The street was dark, and the truck was parked at an angle of ninety degrees to the curb, about halfway down the block. It had a large "box-car" body and extended out 18 feet and 10 inches into the street. There was no tail-light burning on the truck, as required by the California Vehicle Act. Plaintiffs were riding in their automo-

bile, and had turned the corner into N Street. The husband was driving and their lights were on. As they drove down N Street, the right side of their car struck the corner of the truck which extended furthest into the highway, resulting in personal injuries to both plaintiffs.

A reversal is sought upon the grounds, first, that the court erred in refusing to grant a nonsuit, and, second, that the court erred in instructing the jury.

The negligence of appellant's employee in leaving the truck upon the highway at night without lights is conceded by appellant, but it is earnestly contended that contributory negligence upon the part of Mr. Vinole bars a recovery. This contention arises out of the following evidence: Upon his examination in chief plaintiff George Vinole testified that when he was proceeding down N Street he was *looking ahead*. When he was cross-examined he was shown his signed statement, made some time previous to the trial, wherein he stated that he was not looking ahead, and for this reason did not see the truck. This statement was secured by a representative of a casualty company which was evidently interested in the matter. At the outset of the cross-examination, Vinole testified: "I was looking ahead." By means of an ingenious method of elimination, and upon a recross-examination the following testimony was extracted by appellant: "Q. Well, you don't state anything about the time—yes you do, you state about 8:45. Outside of that, though, and outside of the distance on the street, down from the corner and the width of the street, the statement you made at that time is true, is it? A. Yes."

From the foregoing, appellant contends that the jury could have arrived at one conclusion only, namely, that Vinole was not looking ahead, and that such finding would constitute contributory negligence. There is no merit in the contention. The statement was used for the purpose of impeachment. The jury decided that the attempt at impeachment was unsuccessful and a failure, and there the matter ends. This situation is fully covered by the case of *Miller* v. *Geary*, 113 Cal. App. 573 [298 Pac. 843], where this court, speaking through Mr. Justice Thompson, said: "The contradictory statement was competent only for the purpose of determining the credibility of the witness. It is not necessarily controlling. The court had a right to con-

sider the circumstances under which it was obtained and the interest of the insurance adjuster who prepared and procured it. The evidence that the passing machine was really traveling on its proper side of the highway is quite convincing. At least this court is bound by the conclusion of the trial court in that regard.''

The motion for nonsuit was properly denied. For like reasons the court did not err in refusing to direct a verdict for appellant.

■ Conflicting instructions are also urged as a ground for reversal. In several instructions, given at request of plaintiff, the jury were told that to sustain the defense of contributory negligence, it was necessary for defendants to establish the fact, by a preponderance of the evidence, that *plaintiffs* were negligent. At the request of defendant the court instructed the jury that, as plaintiffs were husband and wife, if they found the husband negligent, neither party could recover. The court also instructed the jury that the negligence of the husband would bar the right of recovery for both husband and wife, and this subject was covered several times in other instructions. Appellant argues that the instructions given at the request of plaintiff place upon him the burden of proving that *both plaintiffs* were negligent, while defendant's instructions only require that they prove one plaintiff (the husband) negligent, to bar a recovery by either. He thus concludes that the jury were misled and confused to his prejudice. But, assuming that appellant is correct, was he prejudiced? By separate findings, the jury awarded damages to each plaintiff. This verdict carries with it the implied finding that neither plaintiff was guilty of contributory negligence. Since *both* plaintiffs were found free from negligence, it is a futility to argue the question as to the effect of the negligence of one of them upon the other, and any alleged confusion resulting from instructions covering these questions. It is a plain case (if we concede the error), where such error is cured by the verdict. (*Power* v. *Crown Stage Co.*, 82 Cal. App. 660 [256 Pac. 457].) Furthermore, considering the charge as a whole it would seem that the use of the plural was without prejudice. Apparently it was an inadvertence which did not destroy the general effects of

the charge. The jury were especially admonished to consider the charge as a whole.

The judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 14, 1932.