[Civ. No. 8083. First Appellate District, Division Two.—March 21, 1932.]

CORA M. FOX, Respondent, v. ARMANDO RAVERA et al., Appellants.

FRANK A. FOX, Respondent, v. ARMANDO RAVERA, Appellant.

Hadsell, Sweet & Ingalls for Appellant.

Ford & Johnson for Respondents.

SPENCE, J.—The above-entitled actions arose out of a collision between the automobile of defendant and the automobile of plaintiff Frank A. Fox in which said plaintiff and plaintiff Cora M. Fox, his wife, were riding. The two actions were consolidated and tried before a jury. From a judgment in favor of plaintiffs, defendant appeals.

The accident occurred at the intersection of California and Battery Streets in San Francisco. Plaintiff Frank A. Fox was driving his automobile in a westerly direction along California Street on the northerly side of a westbound cable car which was approaching Battery Street. Defendant Ravera was proceeding in a northerly direction along Battery Street. It appears that neither the motorman of the cable car nor the drivers of the automobiles intended to stop at said intersection. Defendant swerved to the left in attempting to cross in front of the oncoming cable car and the motorman suddenly stopped his car in the intersection to avoid a collision. The motorman testified that he stopped his car within a distance of six feet. Defendant passed within four or five feet of the front of the cable car as it came to a stop. Plaintiff Frank A. Fox, who had been driving at about the same speed as the cable car, did not stop with the cable car and defendant's automobile collided with the left side of plaintiff's automobile on the north side of California Street at a point to the west of the center line of Battery Street.

Appellant seeks a reversal contending that respondent Frank A. Fox was guilty of contributory negligence as a matter of law. We find no merit in this contention. The question of whether the driver of an automobile is chargeable with negligence is ordinarily a question for the jury. (*Sites* v. *Howrey,* 108 Cal. App. 348 [191 Pac. 597]; *Klenke* v. *Ryer,* 118 Cal. App. 238 [4 Pac. (2d) 998].) We find nothing in this case to make it an exception to the general rule. There was a substantial conflict in the testimony relating to the speed of the vehicles and other material matters, but the jury resolved the conflict in favor of

respondent. There was evidence to show that appellant was driving at a high rate of speed and swerving in an effort to beat the cable car across the intersection; that the motorman was forced to make an unexpected and exceptionally sudden stop to avoid a collision with appellant's automobile; that respondent's automobile was traveling about opposite the center of the cable car and at about the same speed as the cable car, to wit, twelve miles per hour, as it approached and entered the intersection; and that the respondent driver did not intend to pass the cable car at Battery Street. It cannot be said as a matter of law that the respondent driver was guilty of negligence in approaching and entering the intersection in the manner described. It is obvious that the accident happened very quickly after the vehicles entered the intersection and the jury could properly conclude that the negligence of appellant brought about a sudden emergency and that the respondent driver was not chargeable with negligence merely because he failed to stop his automobile as quickly as the motorman stopped the cable car.

Counsel for appellant dwell at length upon a four-page statement made by respondent Frank A. Fox shortly after the accident. It is contended that in two particulars this statement is at variance with respondent's testimony and that if respondent had testified in accordance with said statement on the trial, appellant would have been entitled to a directed verdict. We need not dwell upon this statement. Appellant used it upon the trial as a contradictory statement in attempting to impeach respondent. No doubt respondent's testimony explaining the statement was accepted by the jury and the attempted impeachment failed. In considering the question here presented we are not concerned with said statement of respondent, but are concerned only with the testimony given by respondent upon the trial. (*Vinole* v. *Caso,* 119 Cal. App. 226 [6 Pac. (2d) 586].)

Appellant further contends that the trial court erred in giving certain instructions to the jury. The first instruction complained of reads: "The law does not require a person to refrain from occupying a position which would become a place of danger only by reason of the negligence of another." Appellant takes the position that this instruction ignores the doctrine of contributory negligence. We do not believe that the instruction has this effect when read

with the other instructions which thoroughly covered that doctrine. Appellant further argues that it ignores the necessary qualification that it is only a person "who is in the exercise of ordinary care that receives the benefit of this rule". The duty to exercise ordinary care was imposed by other instructions and the instruction under discussion was limited to a situation arising "*only* by reason of the negligence of another". The wording of the instruction may be subject to criticism, but in the form it was given it was equally applicable to both drivers and it cannot be said that the giving of the instruction constituted prejudicial error.

The court further instructed the jury that if they found that plaintiff Cora M. Fox sustained her injuries "as the result of the negligence, if any, of defendant" and without any negligence upon her part or upon the part of her husband, then their verdict should be in favor of plaintiffs. This instruction is assailed because it omitted the necessary qualification that the negligence of defendant must have been the proximate cause of the accident. Appellant's criticism of this particular instruction is technically sound, but before the giving of an instruction justifies a reversal, it must appear that it prejudicially affected the rights of the complaining party. (*Jackson* v. *The Lactein Co.*, 209 Cal. 520 [288 Pac. 781]; *Dullanty* v. *Smith*, 203 Cal. 621 [265 Pac. 814].) Such prejudice does not appear in the present case. The jury was fully instructed on the subject of proximate cause in several instructions and was told "If you find in this case that the defendant Armando Ravera was not negligent, or that, if he was negligent, his negligence was not a proximate cause of the injury complained of, the plaintiff cannot recover." It is well settled that all of the instructions must be read together and as was said in *Weaver* v. *Carter*, 28 Cal. App. 241, at page 247 [152 Pac. 323, 326], "if all the instructions taken together, and not being inconsistent with each other or confusing, give to the jury a fair and just notion of the law upon the point to which they are addressed, it is sufficient".

Criticism is directed at an instruction commencing, "The question in this case for you to determine before liability can be fastened upon the defendants is the question of negligence, and this question you are to solve upon a consideration of all of the facts and evidence in the case." The

balance of the instruction covered the usual definition of negligence. Appellant contends that this instruction "ignores one of two questions" which the jury was required to pass upon, to wit, contributory negligence. Here again the instructions must be read together. The instruction given is a so-called stock instruction frequently given by trial courts in personal injury cases. Appellant's criticism is hypertechnical. The instruction did not purport to state the entire law applicable to the case nor to tell the jury that the question of defendant's negligence was the only question for their consideration before rendering a verdict against defendant. Better phraseology might be found than that employed in the above-quoted portion of the instruction, but we find nothing confusing or misleading about the instruction when it is read with the other instructions. We have carefully reviewed the entire charge and are satisfied that the jury was fully and fairly instructed on all of the issues in the case.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 20, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 19, 1932.