[S. F. No. 15104.   In Bank.—July 31, 1934.]

GEORGE L. SHEETS, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

Dunne & Dunne and Dunne, Dunne & Cook for Appellants.

J. Horton Beeman, George C. Hadley and Norman S. Menifee for Respondent.

SHENK, J.—This is the second appeal in this case. The action was brought to recover damages for personal injuries sustained by the plaintiff when a freight-car of the defendant railroad company collided with the gasoline truck which the plaintiff was driving while the train crew was making a "flying switch" at an intersection. On the first trial the jury brought in a verdict of $7,500 for the plain-

tiff. A motion for a new trial was granted. On appeal the order granting a new trial was affirmed. (*Sheets* v. *Southern Pacific Co.*, 212 Cal. 509 [299 Pac. 71].) On the second trial the jury also returned a verdict for the plaintiff in the sum of $7,500. A motion for a new trial was denied. The defendants now appeal from the judgment entered on that verdict. The opinion on the former appeal is referred to for a more complete statement of the facts. It was contended on that appeal that on the record the plaintiff was guilty of contributory negligence as matter of law. It appeared that the plaintiff had stopped his truck at the appropriate distance from the railroad tracks; that the brakeman who had signaled the plaintiff to stop left the crossing and walked in the direction of the locomotive, and it was then that the plaintiff moved his truck forward; that the plaintiff depended to a certain extent on the action of the brakeman and would not have attempted to cross had the latter remained on the crossing. On those and other facts appearing in the former record the rule was applied that a railroad company will not be permitted to encourage a relaxation of vigilance by assurances that the danger had been minimized and at the same time hold persons to the same *quantum* of care as if no safety measure (here the signal of the brakeman to the plaintiff to stop), had been adopted. Decisions were referred to "tending to indicate that when a plaintiff is thrown off his guard by the conduct of the defendant or is lulled thereby into a sense of security, so that he goes upon a crossing, as the plaintiff here did, he is not chargeable with contributory negligence as matter of law. . . . The fact that the brakeman left the crossing after the engine had passed and before the 'shunted' car had reached the crossing may well have led the plaintiff, acting as a reasonably prudent man, to assume that the danger had passed, thus causing him to relax his diligence. As stated in the last case above cited [*Brown* v. *New York Cent. Ry. Co.*, 32 N. Y. 597 (88 Am. Dec. 353)], 'it is asking too much, to say that it was negligence, as matter of law, not to have anticipated that the detached cars were following in the rear of the train that had passed . . . ' Therefore, following the case of *Gregg* v. *Western Pac. Ry. Co.*, *supra* [193 Cal. 212 (223 Pac. 553)], we are of the opinion that the question whether

plaintiff, under all the circumstances, exercised ordinary care for his own safety was one for the jury.''

The decision of the court on the former appeal is the law of the case. It was unquestionably so recognized by the trial court and as such is binding on the parties and on this court on this appeal, provided the state of the facts now presented is substantially the same as shown on the former appeal. (*Klauber* v. *San Diego Street Car Co.*, 98 Cal. 105 [32 Pac. 876]; *Ellis* v. *Witmer*, 148 Cal. 528 [83 Pac. 800]; 2 Cal. Jur., pp. 944, 1042.)

The first question to be determined is whether the evidence at the second trial is so substantially different as to justify a conclusion that the decision on the former appeal that the issue of the plaintiff's alleged contributory negligence presented a question for the jury is not controlling. Two variations in the testimony of the plaintiff are relied upon to create such a substantial difference as to justify the court in declaring that the doctrine of the law of the case is inapplicable and that the conduct of the plaintiff constitutes contributory negligence as a matter of law. On the first trial the plaintiff testified that at the time he started to cross the track he did not notice whether the ''wig-wag'' was operating; on the second trial he stated that at that time he did not pay any attention to it. On the first trial he stated that he looked to his left and to his right before starting up; on the second trial on direct examination he gave the same testimony, but on cross-examination stated that he looked to his left, and ''glanced'' to his right, which was the direction from which the freight-car was moving. These are the differences which are claimed to be substantial. While there is some change in phraseology it cannot be said that there is a material change in meaning or substance. Whether the plaintiff took no notice of the ''wig-wag'' in the one instance or paid no attention to it in the other would seem to make no substantial difference for the reason that the jury was justified in concluding that the plaintiff's action in starting across the track was influenced by the conduct of the company's human signaling agency, the brakeman. The same reason would apply to the difference in wording in the recital of what the plaintiff did in making observations to the right and left before the conduct of the brakeman caused

him to relax his vigilance. In this connection the defendants claim that the application of section 135 of the California Vehicle Act is a new question in the case as to which this court may determine that as a matter of law the plaintiff was guilty of negligence contributing to his injuries by conduct which may be construed as a violation of the provisions of that section. That section provides that an operator of a motor-truck carrying explosive or inflammable substances shall bring his vehicle to a full and complete stop at a specified distance from any railroad crossing and while stopped shall look and listen in both directions along the tracks for approaching trains or cars. ▋ It is admitted that the plaintiff brought his motor-truck to a full stop at the required distance and there is testimony that he looked and listened, in both directions; but it is contended that there is no evidence that he looked in both directions along the tracks, and therefore was guilty of a violation of the statute resulting in his contributory negligence as matter of law. The point is now made for the first time. The right generally to raise new points of law for the first time on appeal is not questioned. (See *Trower v. City and County of San Francisco,* 157 Cal. 762 [109 Pac. 617]; 2 Cal. Jur., p. 964.) But here the case appears to have been tried on the theory that section 135 was not a factor in the case. If the effect of that section had been relied upon as a defense it may be that the plaintiff could have met the issue by proper proof. Also, if the claimed lack of evidence had been called to the attention of the trial court an appropriate instruction could have been given advising the jury of the requirements of section 135. Whether the defendants on this record are now foreclosed from raising the point need not be decided for the reason that it does not necessarily follow that the asserted failure of proof is fatal. The purpose of section 135 is to require extraordinary safety precautions to be taken by the truck driver. ▋ But compliance in the respects enumerated in the statute must as to the facts here presented be appraised as of the time of or immediately before the accident. It may be assumed that if the plaintiff had violated the statute without the intervening action of the employee of the company to influence the plaintiff's conduct, the latter would have been guilty of contributory negligence as mat-

ter of law. However, since the employee's conduct and reliance thereon by the plaintiff intervened, it was a question for the jury to determine under all the circumstances the proximate cause and contributing causes of the accident.

■ The defendants contend that the plaintiff was not entitled to rely on any action of the brakeman in leaving the crossing after the engine had passed and before the "shunted" car had reached the crossing, as constituting evidence of negligence on the part of the defendants, but that the plaintiff was restricted to the issues framed by the complaint and answer. The complaint alleged that the defendants "so negligently and carelessly operated said freight car" as to cause the accident and injuries complained of. The defendants urge that the plaintiff is restricted to proof of the operation of the freight-car to sustain his claim of negligence on the part of the defendants, that being the only charge of negligence in the complaint, and that the action of the brakeman in guarding the crossing and stopping traffic while the "flying switch" was being made was no part of the operation of the train or car. This matter was presented to the trial court which refused the defendant's offered instruction on the subject, but ruled and instructed that the plaintiff "had a right to rely on any conduct of either of the personal defendants." We perceive no error in the ruling and instruction. Under the facts of this case the brakeman was acting as a member of the train crew and any act of his in directing the completion of the "flying switch" was a participation in that operation and within the issues.

■ The defendants offered instructions on the issue of the plaintiff's contributory negligence. The instructions offered were given with the addition of a qualification which charged in effect that in determining whether the plaintiff acted with ordinary care the jury was entitled to consider whether or not the brakeman left the road after the locomotive passed in such manner as to lead an ordinarily prudent person to believe that the danger had passed. No error can be based upon the inclusion in the instructions offered and given of the substance of the modification. The plaintiff was entitled to have the jury charged in accord therewith. (*Sheets* v. *Southern Pacific Co., supra.*)

We have examined in detail the other assignments of error in the giving of instructions. We find on a review of the entire record that no prejudicial error was committed.

The judgment is affirmed.

Preston, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.