[Civ. No. 5381. Third Appellate District.—March 21, 1936.]

A. A. SOARES, Respondent, v. CHARLES BARSON, Appellant.

[Civ. No. 5382. Third Appellate District.—March 21, 1936.]

MANUEL DUARTE, Respondent, v. CHARLES BARSON, Appellant.

Cooley, Crowley & Supple and Edward L. Webber for Appellant.

Christopher M. Bradley and Lawton D. Champion for Respondents.

PULLEN, P. J.—These two actions consolidated for trial were brought by plaintiffs for damages on account of personal injuries sustained by them by reason of being struck by the automobile of defendant.

In some particulars the evidence was conflicting but in view of the verdict of the jury we may fairly infer the following to have been the facts:

Plaintiffs, who were riding in the car of Soares, were proceeding northerly along the highway between Napa and St. Helena, about ten o'clock on the evening of May 29, 1934. At this time and place plaintiffs discovered a flat tire on the left rear wheel and drove to the side of the road, parking their car approximately eighteen inches off the concrete or main traveled portion of the road on the shoulder of the highway. Immediately before the accident Soares was squatting on his heels against the left rear wheel and between the wheel and the pavement with his right arm around the rear of the wheel holding the jack in position. Duarte was at the rear of the car on his left knee, also supporting the jack and operating the lever thereof. While in these positions, Mr. and Mrs. Barson, proceeding northerly along the highway at a speed of approximately eighteen or twenty miles an hour, struck plaintiffs, causing the injuries complained of. It also appears that the car was parked beneath some overhanging trees along the highway, and as Barson was approaching the car of plaintiffs, a car proceeding southerly with bright headlights somewhat interfered with his vision. The only damage to the Barson car was a slight scratch on the right front fender, and the hub cap of the right front wheel was knocked off. On the parked car was found an imprint of a blow apparently by the hub cap on the underfacing of the rear left fender where it turned down to connect with the running board. As is usual in a case of this kind, there are numerous conflicts in the testimony. Several witnesses testified the only light on the parked car was a spot light directed downward over the rear wheel. Other witnesses testified all of the lights were burning including two red rear lights. The position of the car was also variously fixed as being from eighteen inches on the pavement to eighteen inches off the pavement. At the point of collision the concrete pavement was eighteen feet wide with shoulders on both sides approximately eight to ten feet in width.

One of appellant's grounds for reversal was based upon the failure of the court to give six instructions requested by him; having to do with the concurring negligence and lack of care upon the part of plaintiffs. We have examined these refused instructions, but do not here set them forth as it would unduly extend this opinion, and the instructions given, and believe they were justifiably rejected because the

principles therein contained were all given elsewhere to the jury.

The principal point urged for reversal, however, and advanced most ably and strenuously by counsel for appellants, is the alleged error in giving the following instruction:

"You are instructed that contributory negligence is in this state an affirmative defense, by way of confession and avoidance. By pleading it, the defendants, in effect, confessed their own negligence and plead by way of avoidance thereof that plaintiff's alleged negligence helped produce his injuries. In this defense, the burden is upon the defendant to prove two things by a preponderance of the evidence:

"First, that the plaintiff was negligent, and

"Second, that such negligence was a proximate cause of the injuries complained of.

"If they failed to prove either of these things by a preponderance of evidence, this entire defense fails."

It must be conceded at the outset that this instruction is not an accurate statement of the law. The assertion that contributory negligence is a plea of confession and avoidance was directly overruled as a principle of California jurisprudence by Mr. Justice Thompson in the case of *Hoffman* v. *Southern Pacific Co.*, 84 Cal. App. 337 [258 Pac. 397]. Since then other cases have likewise held that such is not the law in California. (*Sheets* v. *Southern Pacific Co.*, 212 Cal. 509 [299 Pac. 71]; *Peppercorn* v. *Stewart*, 114 Cal. App. 101 [299 Pac. 762]; *Hughes* v. *Atchison Topeka etc. Ry. Co.*, 121 Cal. App. 271 [8 Pac. (2d) 853]; *Friddle* v. *Southern Pacific Co.*, 126 Cal. App. 388 [14 Pac. (2d) 568]; *Biddlecomb* v. *Hayden*, 4 Cal. App. (2d) 361 [40 Pac. (2d) 873].)

It is the contention of appellant that the giving of this instruction was a fundamental error, and although other instructions were given stating the true rule, claims in a case where the evidence was so sharply in conflict as here, an appellate court is unable to know upon which of the two conflicting theories of law the jury acted, and a reversal is inescapable.

In defense of the questioned instruction respondents call our attention first to article VI of section 4½ which lays down the mandate that "No judgment shall be set aside or a new trial granted in any case on the ground of the misdirection of the jury . . . unless after an examination of the entire

cause including the evidence the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

Plaintiffs also rely upon various cases, principally *Gett* v. *Pacific Gas & Electric Co.*, 192 Cal. 621 [221 Pac. 376], where the court defined contributory negligence in practically the language used in the questioned instruction. However, this language was not used in an instruction in the Gett case, and as was said in *McGeorge* v. *Charles Nelson Co.*, 107 Cal. App. 148 [290 Pac. 75], ''It has been stated on many occasions that the text of a decision is not necessarily sound as an instruction to be given to the jury.'' So here the instruction was not a proper one to have been given but we do not find it was so misleading or vital nor the substantial rights of the defendant so prejudiced thereby as to require a reversal of the judgment.

The case of *Jackson* v. *Lactein Co.*, 209 Cal. 520 [288 Pac. 781], where the court instructed the jury that appellant's plea of contributory negligence presupposed the existence of negligence on their part, the Supreme Court while refusing to sanction such instruction, refused to reverse the case. Other cases cited and relied upon by plaintiffs are *Wiezorek* v. *Ferris,* 176 Cal. 353 [167 Pac. 234]; *Linforth* v. *San Francisco Gas & Electric Co.*, 156 Cal. 58 [103 Pac. 320, 19 Ann. Cas. 1230]; *Stewart* v. *Nagenbach*, 3 Cal. (2d) 755 [47 Pac. (2d) 267]. In the present instruction the court was obviously stating the problem in general terms and qualified it by using the words ''in effect'', which connoted by way of implication or suggestion only, that there must be something to which contribution could be made, that is, the concurring negligence of plaintiff.

Contributory negligence has been defined as ''such an act or omission on the part of the plaintiff amounting to a want of ordinary care as concurring or cooperating with the negligent act of a defendant, was the proximate cause of the injury complained of.'' (*Gaster* v. *Hinkley*, 85 Cal. App. 55 [258 Pac. 988].) Also in *Rath* v. *Bankston,* 101 Cal. App. 274 [281 Pac. 1081], the court said, ''First, because there can properly be no finding that a plaintiff is guilty of contributory negligence where defendant has been found guilty of no primary negligence. The two are utterly inconsistent.'' In *Straten* v. *Spencer,* 52 Cal. App. 98 [197 Pac. 540], the court said:

"Since the negligence of the plaintiff must *concur* and *co-operate* with that of the defendant in order to constitute contributory negligence, it is apparent that in such cases the accident is the result or consequence of two causes or elements—the *negligence* of plaintiff and the *negligence of defendant.*" It is apparent, therefore, from the foregoing quotations that in defining contributory negligence we must perforce set off the negligence of defendant against the negligence of plaintiff. The evil here largely is as to the manner of the statement of the principle to the jury.

The following, taken from the case of *Klemko* v. *Ryer*, 118 Cal. App. 238, 239 [4 Pac. (2d) 998], seems to answer the contention of appellant here:

"In his answer defendant traversed the allegations of the complaint and as a special defense pleaded contributory negligence on the part of plaintiff. The trial court instructed the jury in effect that defendant, for the purpose of this defense, admitted his own negligence. It is urged that this instruction was prejudicial and requires a reversal of the judgment. Instructions of a similar character have not received the unqualified approval of our Supreme Court and they are better omitted. (*Sheets* v. *Southern Pac. Co.,* 212 Cal. 509 [299 Pac. 71].) However, before such an instruction justifies a reversal, it must appear that it prejudicially affected the rights of a defendant. (*Jackson* v. *Lactein Co.,* 209 Cal. 520 [288 Pac. 781]; *Dullanty* v. *Smith,* 203 Cal. 621 [265 Pac. 814].) Moreover, the court instructed the jury that an inquiry might be sustained either through the negligence of the plaintiff, or the defendant, or both, and that if the jury found that defendant was not negligent plaintiff could not recover, and further, that if defendant was negligent, and plaintiff also negligent, and that his negligence contributed proximately to his injury, then plaintiff could not recover; that such negligence on the part of plaintiff, if found to exist, constitutes contributory negligence. Considering all the circumstances, including the acts of negligence on the part of defendant as above recited, we cannot say that the giving of the instruction affected the substantial rights of appellant."

An examination of all of the instructions given the jury shows that they were fully instructed as to the burden of proof and preponderance of evidence. The instructions are

too voluminous to quote in their entirety but we may select two or three of the many which will illustrate their scope and tenor:

"Under the law of this state where the negligence, if any, of the plaintiff had proximately caused or contributed to the happening of an accident, such a plaintiff is not entitled to a verdict no matter what the other party to the accident has done. This is called the law of contributory negligence. . . .

"No matter how slight the contributory negligence, if any, of a plaintiff may have been, such plaintiff is not entitled to a verdict against a defendant, no matter how great the negligence, if any, of a defendant may have been. . . .

"If the defendant was not negligent your verdict must be in favor of the defendant. If each of the plaintiffs was negligent, and their negligence, if any, no matter how slight, proximately contributed to the happening of the accident in the slightest degree, your verdict must be in favor of the defendant no matter what the defendant did. If both of the plaintiffs and the defendant failed to use the care respectively required of each of them, as stated in these instructions, and if such failure, if any, of both of the plaintiffs and of the defendant proximately caused or proximately contributed to the happening of the accident, your verdict must be in favor of the defendant."

At the conclusion of the giving of the instructions the court told the jury that they were not to single out any special sentence or individual instruction but to consider all of the instructions together and harmonize them so far as possible.

The situation here presented makes appropriate the application of the following rule, stated in *Alloggi* v. *Southern Pacific Co.*, 37 Cal. App. 72 [173 Pac. 1117, 1119]:

"We are not unmindful of the rule that conflicting and contradictory instructions upon a material phase of the case require a reversal where it cannot be ascertained from the record before us which instruction prevailed, or was likely to prevail with the jury. While it is true that the instruction complained of in the present case is erroneous, and in a measure in conflict with several other instructions which correctly stated the rule of law relative to contributory negligence, nevertheless the correct rule of law was so specifically stated and restated to the jury that we feel that the idea in the several correct instructions must have preponderated in the

considerations of the jury, and that as a consequence the erroneous instruction neither contributed to, nor controlled, the verdict."

It failing to affirmatively appear that the error complained of was so prejudicial as to cause a miscarriage of justice, the judgments complained of should be affirmed, and it is so ordered.

Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 20, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1936.