[Civ. No. 17738. Second Dist., Div. One. Feb. 27, 1951.]

ISADOR GAMERAL et al., Appellants, v. HENRI Y. DUPRE, Respondent.

Wapner & Wapner, Joseph M. Wapner and Joseph A. Wapner for Appellants.

Bauder, Gilbert, Thompson, Kelly & Veatch and Roger E. Kelly for Respondent.

DORAN, J.—This is an appeal by plaintiff from the judgment in an action for damages.

The action resulted from an automobile collision which occurred at a street intersection.

The complaint was in the usual form and the answer "was a general denial and an affirmative defense of contributory negligence."

The jury found for the defendant. The evidence is in conflict, for each contended that the other violated the crossing signals which were operating at the time.

It is urged on appeal that the evidence is "insufficient to justify the verdict" and that "the court erred in its instructions to the jury."

It is argued by appellant that evidence of "physical facts" refutes respondent's testimony relating to speed. That same question of course was presented to the jury and the question may be open to argument now as it was then. In that connection, it is too well settled to require citation of authority that, on appeal, the facts must be considered in the light most favorable to the prevailing party which, in effect, means that the verdict cannot be disturbed on appeal in such circumstances.

With regard to the court's instructions it is argued that the court erred in refusing to instruct the jury, as requested by plaintiffs, that, "defendant's claim of contributory negligence on the part of Isador Gameral presupposes the existence of negligence on the part of defendant." It is also urged that the court erred with regard to certain rulings on evidence and cross-examination relating to the same contention. The same argument was presented in *Sheets* v. *Southern Pacific Co.*, 212 Cal. 509 [299 P. 71]. There the court held (p. 515), "However, such an instruction plainly tells the jury that a plea of contributory negligence is an admission of culpable negligence on the part of the defendant. This is not the law. A defendant may deny that he is guilty of any negligence, and at the same time consistently claim that, even if the jury should find that he has been negligent, the plaintiff would not have sustained any injury if it had not been for his own negligence as a proximate cause."

No prejudicial errors appearing in the record, the judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 12, 1951, and appellants' petition for a hearing by the Supreme Court was denied April 26, 1951.